UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTIN CABALLERO,

      Plaintiff,

vs                                                    Case No: 11-11888
                                                       Honorable Victoria A. Roberts
FRANK LENZ, ET AL,

      Defendants,

_____/

**ORDER GRANTING IN PART AND DENYING IN PART
REQUEST FOR ACTUAL COSTS AND REASONABLE ATTORNEY FEES**

**I.     INTRODUCTION**

This matter is before the Court on Defendant Dennis Koss's request for actual costs and reasonable attorney fees. The matter has been fully briefed. Defendant's request is **GRANTED IN PART** and **DENIED IN PART**.

**II.    BACKGROUND AND ARGUMENTS**

On April 28, 2011, Plaintiff Martin Caballero filed a complaint against Oakland County; Oakland County Sheriff's Detective Frank Lenz, Sergeant Kevin Banycky, Sergeant C. Bernard, Corporal L. Nelson; Wayne County Sheriff Corporal Sidney Godley; and Michigan Secretary of State Investigator Dennis Koss. Plaintiff's complaint alleges unlawful seizure and excessive force, trespass, false arrest, and false imprisonment. Plaintiff's claim arose when the Oakland and Wayne County Defendants entered and searched Plaintiff's business, L.A. Collision, and detained Plaintiff in his office.

Koss is not a law enforcement officer, he was not present during the County Defendants' alleged misconduct, and he did not supervise the County Defendants. On September 26, 2011, Plaintiff's deposition showed that "Koss did not do anything wrong." Koss requested dismissal after Plaintiff's deposition, but Plaintiff refused. On October 31, 2011, Koss filed a motion for Fed. R. Civ. P. 11 sanctions. And on November 8, 2011, he filed a motion for summary judgment.

On March 23, 2012, this Court granted Koss's motions for Rule 11 sanctions and summary judgment because Plaintiff's claim had no basis in fact or law. The Court stated that Plaintiff's lawyers violated Rule 11 because they failed to "dismiss Koss both after the [Plaintiff's] deposition and through Koss's motion for summary judgment." The Court decided to determine the Rule 11 sanction amount after Koss itemized his costs and attorney fees for "presenting his motions for sanctions and summary judgment."

On April 5, 2012, Koss submitted his request for $907.65 in costs and $12,500 in attorney fees in connection with the Rule 11 sanctions. This request represents costs and fees incurred after the Plaintiff's deposition on September 26, 2011 to March 23, 2012, when the motion for sanctions was granted. He argues that this time period is reasonable because Plaintiff's lawyers should have dismissed him after Plaintiff's deposition. Koss shows receipts for his $907.65 in costs, which include "$731 for deposition transcripts; $49.75 for Record Copy Services; and $129.90 for travel costs."

III.   **STANDARD OF REVIEW**

Rule 11's purpose is to deter baseless filings. *Jackson v. Law Firm of O'Hara, Ruberg, Osborne & Taylor,* 875 F.2d 1224, 1229 (6th Cir.1989). Once a Rule 11 sanction is imposed, the Court must determine an appropriate sanction amount.

2

*Bodenhamer Bldg. Corp. v. Architectural Research Corp.*, 989 F.2d 213, 217 (6th Cir. 1993). The sanction award must deter the violator and others from repeating the sanctioned conduct. *Rentz v. Dynasty Apparel Indus., Inc.*, 556 F.3d 389, 400 (6th Cir. 2009).

The Court has wide discretion to determine the monetary sanction. *Runfola & Associates, Inc. v. Spectrum Reporting II, Inc.,* 88 F.3d 368, 376 (6th Cir.1996). But, the Court must consider a reasonable "lodestar" calculation, the minimum sanction necessary to deter baseless filings, and the violator's ability to pay. *Jackson*, 875 F.2d at 1229-30. The Court does not need a hearing before imposing sanctions; it can make "specific and meaningful findings" without a party's presence. *Garman v. Dougherty*, 25 F.3d 1048 (6th Cir. 1994).

An injured party may only recover costs and fees reasonably incurred in connection with the sanctioned conduct. *Bodenhamer Bldg. Corp.,* 989 F.2d at 218. The "lodestar approach" determines the injured party's reasonable attorney fees. *Id.* at 221. This approach multiplies the reasonably expended hours by the prevailing market rate for a comparable, competent lawyer in the injured lawyer's legal community. *Coulter v. State of Tennessee,* 805 F.2d 146, 148-49 (6th Cir. 1986). The injured party must mitigate damages and cannot recover avoidable or self-imposed expenses. *Id.* The injured party must act promptly to move the Court for Rule 11 sanctions. *Id.*

Rule 11 requires the Court to impose the least severe sanction amount to deter the violator's or others' conduct. *Orlett v. Cincinnati Microwave, Inc.*, 954 F.2d 414, 420 (6th Cir. 1992). The Court should focus on an optimal, not a maximum, sanction

3

amount. *Jackson*, 875 F.2d at 1229. The Court may consider the violator's past conduct. *Ortman v. Thomas*, 906 F. Supp. 416, 421 (E.D. Mich. 1995).

The Court can reduce a reasonable monetary sanction when the offending attorney is unable to pay. *Jackson,* 875 F.2d at 1230. The Court abuses its discretion if it fails to consider the violator's ability to pay the monetary sanction. *Id.* It is the sanctioned party's burden to show evidence of financial status. *Ortman*, 906 F. Supp. at 421. Absent such evidence, the Court should avoid monetary sanctions that can bankrupt the violator or drive the violator out of the legal practice. *Id.*

## IV.   ANALYSIS

### A.   Koss is entitled to recover costs and fees incurred between his filing for sanctions and before the entry of this Court's sanction order.

Koss's attorney fees and costs were unavoidable and not self-imposed. After Plaintiff's deposition on September 26, 2011, Koss immediately requested dismissal; within eleven days, he served Plaintiff with a motion for Rule 11 sanctions.  Koss's lawyer promptly filed this motion on October 31, 2011, after giving Plaintiff the required 21 days to cure.  During this time, Koss's lawyer worked 38.75 hours and spent $907.65 in costs for discovery and filing the motions for sanction and summary judgment.

### B.   Koss's requested $250 hourly rate is reasonable.

A reasonable hourly rate cannot exceed the prevailing market rate for a lawyer of similar expertise in the injured lawyer's geographical region. *Coulter*, 805 F.2d at 149. Koss's lawyer states: (1) he has been practicing law in Michigan for over twenty years; (2) he specializes in personal injury and civil rights law; and (3) he is employed by the Attorney General who employs more than fifty lawyers.

Koss also uses the Michigan Bar's 2010 Economics of Law Practice article to show that a reasonable hourly rate for his lawyer is at least $250. The article shows the percentile and range for hourly rates based on various factors, including years of experience, geographical region, specialization, and firm size. *Spurlock v. Rajt*, 06-15251, 2008 WL 474082 at *2 (E.D. Mich. Feb. 15, 2008). Koss says his lawyer is entitled to the 75th percentile of hourly rates from $300 to $400 per hour. Plaintiff says that the downtown Detroit's hourly rate should not be used because defense counsel's practice is in Lansing. But, Lansing's 75th percentile hourly rate is $250, which Koss's requested rate does not exceed. Plaintiff says that Koss's lawyer works for the public sector and cannot be awarded the hourly rate based on a private firm's size. This is incorrect; attorney fee awards should be the same for both private and public lawyers. *Coulter*, 805 F.2d at 149.

The Court evaluates defense counsel's hourly rate using the community's average rate. *Coulter,* 805 F.2d at 149. The Court places Koss's lawyer in the 75th percentile of hourly rates for his experience and skill. The Court considers also that hourly rates may have increased since the article was released. *Spurlock v. Rajt*, 06-15251, 2008 WL 474082 at *1 (E.D. Mich. Feb. 15, 2008). Therefore, the Court finds that a $250 hourly rate is reasonable for a competent lawyer comparable to Koss's lawyer.

**C.      Using the Lodestar approach, Koss is entitled to $9,687.50 for attorney fees.**

For a reasonable calculation of attorney fees, the Court can use the lodestar approach. *Bodenhamer Bldg. Corp.*, 989 F.2d at 221. The Court must multiply the reasonably worked hours by the reasonable hourly rate. The total lodestar amount is $9,687.50 (38.75 hours times $250 hourly rate). This amount can be adjusted based on various factors, such as the minimum sanction necessary to deter baseless filings and the violator's ability to pay.  *Jackson,* 875 F.2d at 1229-30.

**D.      Minimum Sanction to Deter**

Rule 11 requires the minimum sanction amount to sufficiently deter Plaintiff's lawyers and others from repeating the sanctioned conduct. *Jackson*, 875 F.2d at 1229. After Plaintiff's deposition, Plaintiff's lawyers discovered that Koss was not involved in the alleged misconduct, but they failed to dismiss him from the suit. It appears that Koss had information valuable to Plaintiff's claims against other Defendants, but Koss did not need to remain as a party for Plaintiff to obtain that information.  The Court has no information that Plaintiff's counsel has a history of this kind of behavior, another factor the Court can take into account.

Based on the foregoing, the Court believes that an award of $4843.75 is the least severe sanction to impose on Plaintiff's lawyers.

**E.      Plaintiff's lawyers' are able to pay the reasonable sanction amount.**

The Court finds that Plaintiff's lawyers can pay Koss $4,843.75 for attorney fees and $907.65 for costs. Plaintiff's lawyers have not claimed inability to pay or hardship, but the Court  still considers whether the sanction will force Plaintiff's lawyers out of the

legal practice. *Ortman*, 906 F. Supp. at 421. Plaintiff's lawyers are from Romano Law

P.L.L.C, a small firm with approximately six lawyers. According to the firm's profile, its

annual revenue is roughly $780,000.

### V.    CONCLUSION

Defendant's request for attorney fees and costs is **GRANTED IN PART** and

**DENIED IN PART**.

The Court awards:

1.    $4843.75 in attorney fees; and

2.    $907.65 in costs.

This must be paid by November 15, 2012 by Romano Law, P.L.L.C.

**IT IS ORDERED**.

 /s/ Victoria A, Roberts
Victoria A. Roberts
United States District Judge

Dated:  October 1, 2012

The undersigned certifies that a copy of
this document was served on the attorneys of
record by electronic means or U.S. Mail on
October 1, 2012.

        s/Linda Vertriest
        Deputy Clerk

7